UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CASE NO. __8:24-cv-3323-JDA__

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL<br>CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| VBS OF THE UPSTATE LLC, | ) | |
| EDDIE W. VINSON, and | ) | |
| CF&G ENTERPRISE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMES NOW** Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, and alleges and says:

### Preliminary Statement

1.      Pursuant to 28 U.S.C. § 2201, Penn National seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to claims asserted against VBS of the Upstate, LLC and Eddie W. Vinson in a lawsuit captioned, "*CF&G Enterprises, Inc. v. VBS of the Upstate, LLC,* et al.," Case No. 2020-CP-42-00933, pending in the Court of Common Pleas in and for the County of Spartanburg, South Carolina (the "Underlying Lawsuit").

### Jurisdiction

2.      Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000.

## Venue

3.     This action properly lies in the U.S. District Court for the District of South Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this declaratory judgment action and the events giving rise to this action occurred in this judicial district.

## Parties

4.     Plaintiff Pennsylvania National Mutual Casualty Insurance Company (hereinafter referred to as "Penn National") is a corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Harrisburg, Pennsylvania, and is authorized to conduct business in the State of South Carolina.

5.     Upon information and belief, Defendant VBS of the Upstate, LLC (hereinafter referred to as "VBS") is, and at all times mentioned herein was, a corporate entity organized and existing under the laws of the State of South Carolina, with its principal place of business in the County of Spartanburg, in the State of South Carolina, and is authorized to do business in the State of South Carolina.

6.     Upon information and belief, Defendant Eddie W. Vinson (hereinafter referred to as "Vinson") is, and at all times mentioned herein was, a citizen and resident of the County of Spartanburg, in the State of South Carolina, and is, and was at all times relevant hereto, the Primary Qualifying Party, Classification LB, and the sole or majority member, officer, and owner of Defendant VBS.

7.     Upon information and belief, Defendant CF&G Enterprises, Inc. (hereinafter referred to as "CF&G") is, and at all times mentioned herein was, a corporate entity organized and existing under the laws of the State of Florida, with its principle office located in the City of Venice, County of Sarasota, in the State of Florida.  CF&G is also registered as a foreign corporation doing business in

2

South Carolina with the South Carolina Secretary of State, maintains a corporate office in Seneca, County of Oconee, in the State of South Carolina, and owns real property in the County of Anderson, in the State of South Carolina.

**Facts**

8.     On March 9, 2020, CF&G filed the Underlying Lawsuit against VBS and Vinson, asserting claims arising out of the construction of six (6) Mini-Warehouses on CF&G's property located in Sandy Springs, Anderson County, South Carolina (the "Project"). On October 12, 2020, CF&G filed an Amended Complaint in the Underlying Lawsuit. A true and accurate copy of the Amended Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit 1**.

9.     It is alleged in the Underlying Lawsuit that CF&G entered into a contract with VBS and Vinson on or about March 28, 2016, for construction of the Mini-Warehouses, and that "[s]hortly after completion of the first Mini-Warehouse, [CF&G] noticed several irregularities with the construction and notified [VBS and Vinson] of same" and that "[VBS and Vinson] thereafter repeatedly assured [CF&G] that the buildings were being constructed in accordance with all applicable codes and according to the manufacturer's installation guide."

10.     It is further alleged in the Underlying Lawsuit that "[u]pon completion of the final Mini-Warehouse on or about May 17, 2018, [CF&G] again questioned [VBS and Vinson] about several irregularities with the construction, and asked [VBS and Vinson] to remedy apparent construction issues, cosmetic issues, and to make repairs to the Warehouses," and that "[i]n the months of June and July 2018, [VBS and Vinson] attempted on several occasions to remedy code issues, deviations from the manufacturer's installation guide, construction defects, and to repair the issues with the Mini-Warehouses."

11.     Ultimately, it is alleged in the Underlying Lawsuit that VBS and Vinson failed to construct the Mini-Warehouses in compliance with all local and IBC codes, failed to erect

3

the Mini-Warehouses and all components as specified in the Mini-Storage Installation Guide provided with each building delivered, and failed to repair or remedy the defective items, conditions or workmanship.

12.     CF&G asserts causes of action against VBS and Vinson in the Underlying Lawsuit for Breach of Contract, Unjust Enrichment, Breach of Warranty of Good Workmanship, and Negligence/Gross Negligence.

13.     Penn National issued certain commercial general liability policies, policy no. CL9 0730401 (the "Penn National Policies" or "Policies"), to VBS as the named insured, with effective dates from June 11, 2016 to June 11, 2021.  True and accurate copy of the Penn National Policies are attached hereto as **Exhibit 2**, and is incorporated herein by reference.

14.     VBS and Vinson tendered the Underlying Lawsuit to Penn National for coverage, and Penn National has been providing a defense to VBS and Vinson in the Underlying Lawsuit under the Penn National Policies subject to a complete reservation of rights.

## Claim for Declaratory Relief

15.     Penn National incorporates by reference the preceding paragraphs as if fully set forth herein.

16.     A genuine, actual, and justiciable controversy has now arisen and presently exists between and among the parties to this action concerning the applicable coverage afforded by Penn National under the Penn National Policies issued to VBS for the claims or damages resulting from the allegations contained in the Underlying Lawsuit, and specifically whether Penn National has an obligation to defend and/or to indemnify VBS and Vinson in the Underlying Lawsuit under the Penn National Policies.

4

17.    This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights, obligations, and duties of the parties under the terms of the Penn National Policies in relation to the claims asserted against VBS and Vinson in the Underlying Lawsuit, and will settle the controversy among them as to such rights, obligations, and duties.

18.    VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the Penn National Policies contain terms, conditions, and exclusions which preclude coverage for the claims or damages that are alleged in the Underlying Lawsuit.

19.    VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit do not constitute "property damage" as defined by the Penn National Policies and required by the Insuring Agreement in the Penn National Policies.

20.    VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit were not caused by an "occurrence" as defined by the Penn National Policies and required by the Insuring Agreement in the Penn National Policies.

21.    VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit are excluded from coverage under the Penn National Policies as damages that were expected or intended from the standpoint of the insured.

22.     VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit against VBS and Vinson are excluded from coverage under the Penn National Policies as damages for which VBS and/or Vinson are obligated to pay by reason of the assumption of liability in a contract or agreement.

23.     VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit are excluded from coverage under the Penn National Policies as damages to that particular part of real property on which VBS and Vinson, or any contractors or subcontractors working directly or indirectly on behalf of VBS and Vinson, were performing operations and such damages arose out of those operations.

24.     VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit are excluded from coverage under the Penn National Policies as damages to that particular part of real property that must be restored, repaired or replaced because the work of VBS and Vinson was incorrectly performed on it, to the extent that the damage was not included in the "products completed operations hazard".

25.     VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages claimed in the Underlying Lawsuit are excluded from coverage under the Penn National Policies as damages to the work of VBS and Vinson arising out of it or any part of it.

26.     VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit because the damages

6

claimed in the Underlying Lawsuit are excluded from coverage under the Penn National Policies as damage to "impaired property" or property that has not been physically injured, arising out of: (1) A defect, deficiency, inadequacy or dangerous condition in the product or work of VBS and Vinson, or (2) A delay or failure by VBS and Vison or anyone acting on their behalf to perform a contract or agreement in accordance with its terms.

27.     Penn National requests this Court to declare the rights, duties, and obligations of the parties under the Penn National Policies in relation to the claims asserted against VBS and Vinson in the Underlying Lawsuit.   Specifically, Penn National is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that VBS and Vinson are not entitled to coverage under the Penn National Policies for any of the claims or damages asserted against them in the Underlying Lawsuit.

**WHEREFORE,** Plaintiff Pennsylvania National Mutual Casualty Insurance Company respectfully prays the Court as follows:

1.     That a declaratory judgment be entered adjudging and declaring the relative rights, obligations, and duties of the parties to this action concerning the applicable coverage afforded to VBS and Vinson under the Penn National Policies for the claims and damages asserted against them in the Underlying Lawsuit.   Specifically, Penn National is entitled to a judgment declaring and adjudging that it does not have a duty to defend and/or indemnify VBS or Vinson in the Underlying Lawsuit under the Penn National Policies for any of the claims asserted or damages alleged in the Underlying Lawsuit;

2.     That the costs of this action be taxed against the Defendants;

3.     For a trial by jury on all issues so triable; and

4.     For such other and further relief as the Court may deem just and proper.

7

This the 3rd day of June, 2024.

GOLDBERG SEGALLA LLP

/s/ David G. Harris II
David G. Harris II (Federal Bar No. 12039)
David L. Brown (N.C. State Bar No. 18942)
*(pro hac vice application to be filed)*
701 Green Valley Road, Suite 310
Greensboro, North Carolina  27408
Telephone:     336.419.4900
Email:          dharris@goldbergsegalla.com
                    dbrown@goldbergsegalla.com

*Attorneys for Penn National*

8